IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RAUL PORRAS PERALTA,** ( | |
| *Plaintiff* ( | |
| ( | |
| v. ( | Civil Action No. 4:17-cv-3692 |
| ( | |
| **HARRIS COUNTY** ( | |
| *Defendant.* ( | |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, RAUL PORRAS PERALTA (hereinafter "Plaintiff"), filing this *Plaintiff's Amended Complaint* against HARRIS COUNTY, ( hereinafter "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Uniformed Services Employment and Reemployment 38 U.S.C. § § 4301- 4333 ("USERRA").

2. Jurisdiction is founded upon 28 U.S.C. § § 1331, 1343(1), (3), and (4), and 1367.

3. Venue of this proceeding is proper in Harris County, Texas pursuant to Tex. Civ.Prac. & Rem. Code §15.035 as the cause of action occurred here.

1

## PARTIES

4. Plaintiff is a resident of Texas and at all times material hereto, Plaintiff was a public employee of a local governmental entity.

5. Defendant, Harris County Precinct 7, Place 2 is an entity of government and may be served with process herein by serving Judge Zinetta Burney, who is the Harris County Justice of the Peace, Precinct 7, Place 2, 5300 Griggs Rd., Houston, Texas 77021.

## FACTUAL BACKGROUND

6. On or about May 2015 Mr. Peralta was informed that there was an Administrative Clerk II (supervisor position) available in Harris County, Precinct 7 Place 2.

7. Mr. Peralta applied for the position and was able to obtain an interview.

8. Mr. Peralta alleges that he was informed by Chief Clerk Sylvia Ybarbo, that the position (Administrative Clerk II) had been vacant for several months, and that they had no one at the office whom was capable of handling the position. However, that he should standby for a follow up interview.

9. On or about August 2015, Mr. Peralta was contacted by the Defendant to proceed to a follow-up interview. During the interview, Mr. Peralta alleges that he was informed that he would be guaranteed an employment with the Defendant for at least two years, so long as Judge Burney was still in office.

10. On or about September 2015, Mr. Peralta was offered the supervisor position and began the new hire procedures.

11.     On or about September 30, 2015, Mr. Peralta began working for Harris County Justice of the Peace Court (JP), Precinct 7, Place 2.

12.     Mr. Peralta worked for Harris County as an Administrative Clerk II.

13.     During Mr. Peralta's employment in his new position, he asserts that he was constantly praised and complimented by his coworkers and supervisors on the level of his professionalism and work productivity.

14.     On or about January 2016, an Administrative Clerk I position became available. Mr. Peralta submitted a letter of interest to his supervisors, expressing his interest in the position.

15.     On June 7 2016, Mr. Peralta told his supervisor Ms. Ybarbo that he was making changes in his life to better himself by joining the military.

16.     During the following months after Mr. Peralta informed his supervisor of his intent to join the military, he observed a shift of attitude towards him from his colleagues. Mr. Peralta alleges that his colleagues were instructed not to assist him in tasks such as filing cases or folding letters to defendants. Additionally, he was falsely accused of causing an erroneous arrest of a defendant.

17.     Mr. Peralta contested his involvement in the clerical error. Further, he alleged that he was found not to be responsible. However, Ms. Ybarbo persisted that Mr. Peralta was responsible for the error.

18.     Moreover, Mr. Peralta asserts that other employees present during the meeting attested that he was not the individual that caused the error.

19.     On or about August 30, 2016, Mr. Peralta notified Ms. Ybarbo that he would not be able to report to work the following day because of his military physical training.

20.     Mr. Peralta requested that his recruiter, Sergeant First Class Danielson, send a notification letter to Ms. Ybarbo, concerning his inability to report to work due to his military physical training.

21.     On August 31, 2016, Mr. Peralta proudly took his Oath of Enlistment.

22.     On or about September 1, 2016, Mr. Peralta returned to work. He informed Judge Burney that he had enlisted in the military.

23.     Judge Burney asked Mr. Peralta if he would be leaving. Mr. Peralta explained that he will depart on his military duties on or about January 30, 2017 and would return approximately 22 weeks later.

24.     Later that afternoon, around 4:00 p.m., Mr. Peralta was asked to meet with Ms. Ybarbo and Judge Burney in private. During the meeting Mr. Peralta was instructed to resign from his position.

25.     When Mr. Peralta questioned why he was asked to resign, Judge Burney asserted, "no reason, in the state of Texas I don't have to have a reason."

26.     Although Mr. Peralta refused to resign, Ms.Ybarbo handed him a memorandum that read, "effective immediately you are hereby terminated because we no longer have confidence in your work".

27.     On or about September 2016, the Defendant terminated Mr. Peralta's employment because of his military obligations.

28.     Title 38 U.S.C.A. § 4311(a) provides in relevant part the following:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in an uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an

employer on the basis of that membership, application for membership, performance of service, application for service, or obligation . . . .

29.    Finally, Title 38 U.S.C.A. § 4311(b) further provides in relevant part the following:

An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter . . . .

## COUNT I
### Discrimination-Violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311

30.    Paragraphs 1-29 are stated herein by reference.

31.    The USERRA provides that employers shall not take action against employees and employees shall not be denied retention in their employment because of their military status.

32.    Mr. Peralta's military status was the sole motivating factor in the Defendant's plan and decision to wrongfully terminate Mr. Peralta from his employment.

33.    To establish a prima facie case of discrimination under the USERRA, the Plaintiff must demonstrate by a preponderance of the evidence that his military membership or service was a motivating factor in the employer's decision. *See Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231,1238 (11th Cir. 2005).

34.    A motivating factor does not necessarily have to be the sole cause for the employer's decision, but is defined as one of the factors that a truthful employer would list as its reasons for its decision. *Id.*

35.    A court can infer a discriminatory motivation from a variety of considerations, such as:

**(1) the temporal proximity between plaintiff's military activity and the adverse**

5

**employment action; (2) inconsistencies between the proffered reason for the employer's decision and other actions of the employer; (3) an employers expressed hostility toward members of the protected class combined with its knowledge of the plaintiff's military activity; and (4) disparate treatment of similarly situated employees**. *Id.*

36. Here, Mr. Peralta's announcement of his enlistment in the military to Judge Burney and his scheduled military leave on January 30, 2017, was a motivating factor in Defendants' actions taken against him to deprive him of his employment rights.

37. Mr. Peralta alleges that he was praised by his coworkers and supervisors on his level of professionalism and competence to accomplish his tasks and manage his workload.

38. Further, Mr. Peralta alleges that within the time frame he informed the Defendant of his scheduled military training, the Defendant exhibited a negative attitude towards him.

39. The Defendant instructed Mr.Peralta's colleagues to refrain from assisting him with tasks and falsely accused Mr. Peralta of a clerical errors, which Mr. Peralta asserts that he did not commit.

40. Defendant's discriminatory conduct transpired as a result of Mr. Peralta's decision and expression that he was joining the military.

41. Additionally, Mr. Peralta was denied a job position (Administrative Clerk I) despite the fact that pursuant to the USERRA, he is eligible for preference in appointment over many other applicants.

42. As a direct and proximate result of Defendant's discriminatory conduct, Mr. Peralta suffered monetary damages, including lost wages and benefits.

43. As a direct and proximate result of Defendant's discriminatory conduct, Mr. Peralta incurred attorney's fees and other costs associated with his defense.

## COUNT II

### Retaliation – Violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311

44. Paragraphs 1-43 are stated herein by reference.

45. USERRA provides that employers shall not take any adverse employment action against employees for attempting to enforce a protection provided by USERRA or exercising a right provided by USERRA.

46. The Defendant retaliated against Mr. Peralta for his attempt to enforce his rights under USERRA.

47. Specifically, the Defendant did not hire Mr. Peralta for job a position that he was qualified for after Mr. Peralta informed Ms. Ybarbo and Judge Burney that he had officially enlisted in the military.

48. Mr. Peralta was falsely accused of deficiency in his work performance and lack of professionalism.

49. Furthermore, Mr. Peralta was falsely accused of an error that caused a defendant to be falsely arrested.

50. As a direct and proximate result of this retaliatory action prohibited by USERRA, Mr. Peralta was terminated and has suffered monetary damages, including lost wages and benefits.

51. As a direct and proximate result of this retaliatory action prohibited by USERRA, Mr. Peralta has incurred attorney's fee and other costs associated with his defense.

**WHEREFORE**, Plaintiff, Raul Porras Peralta, respectfully requests the following relief:

A. That the Court provide the Plaintiff with a jury trial;

B. That judgment be entered in favor of the Plaintiff and against the Defendants;

C. That the Court declare that the Defendants' actions violated the Plaintiff's rights afforded to him pursuant to the USERRA;

D. That the Court award the Plaintiff compensatory damages, to include back and front pay, and compensation for lost pension and other fringe benefits;

E. That the Court award the Plaintiff punitive damages;

F. That the Court award the Plaintiff reasonable attorney's fees and costs and interest; and

G. That the Court award such other financial or equitable relief as is reasonable and just.

**RESPECTFULLY SUBMITTED,**

_____
DASEAN A. JONES
State Bar No. 24078750
Federal Bar No. 1503177
5330 Griggs Road, Box 7
Houston, Texas 77021
281.888.4119 main | 832.827.3983 fax
djones@daseanjones.com
**Attorney for Plaintiff, Raul Porras Peralta**